UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FONTELLA FRANSCINE FAUNTLEROY NELSON,<br><br>Plaintiff,<br><br>v.<br><br>SHASTA COUNTY COURTS, et al.,<br><br>Defendants. | No.  2:22-cv-0347 TLN AC (PS)<br><br><br>ORDER |

Plaintiff Fontella Franscine Nelson is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

I.  SCREENING REQUIREMENT

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.   THE COMPLAINT

Plaintiff sues Shasta County Courts, U.S. District Judge John A. Mendez, and what appear to be several individual defendants who may or may not be judicial employees. ECF No. 1 at 1. Plaintiff checks the box on the form complaint indicating that the basis for federal jurisdiction is federal question. Id. at 3. When asked to list the specific federal laws at issue, plaintiff writes:

> [N]ever been arrested Before they trying to make an example unlawfully arrested False imprisonment 5th Amend, multiple punishments for same counts, Not delivering mail, law returned Pub defender was disbarred from law, over sentenced, Hung jury I did not appoint appeal attorney, kept in quarantine.

Id. at 4.

Plaintiff lists herself as the plaintiff, but when asked to list the amount in controversy writes "yes they had said her bail was 10,000.000 dollars but now locked down 9 years it probably more." Id. at 5.

Under "Statement of Claim" plaintiff writes in part: "Id like to claim that her amendments were violated. She have been placed in prison not ever been arrested bef. [sic]" Id. at 5. The complaint continues, "Jury was unfair and prejudice and the codefendant put Blame on her they gave her all His charges." Id. Under "Relief" plaintiff writes "at present time Her stay in prison is more intense, I feel in danger, they are neglecting and keeping money and her Ipod for communication. She now resides in Chowchilla Women's Facility and life in danger!" Id. at 6.

## III.   FAILURE TO STATE A CLAIM

The complaint cannot be served for several reasons. First, the complaint does not contain a "short and plain" statement setting forth the basis for federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1)-(3). The exact nature of what happened to plaintiff (or the injured party) is unclear

3

from the complaint, which contains minimal information that is not clearly tied to the defendants in this case. The court cannot tell from examining the complaint what legal wrong was done to plaintiff (or the injured party), by whom and when, or how any alleged harm is connected to the relief plaintiff seeks.

Second, it appears that plaintiff Fontella Franscine Nelson is attempting to bring a lawsuit based on wrongs committed against another person. Though Ms. Nelson lists herself as the plaintiff and signed the complaint, she refers to constitutional violations occurring to someone who is currently incarcerated although her own address indicates that she is not currently incarcerated. She also uses third-person terms such as "she" and "her" throughout the complaint. The Federal Rules of Civil Procedure require that a complaint be brought and signed by the "real party in interest," meaning the person who actually holds the claims in question. Fed. R. Civ. P. 17(a)(1). Even if plaintiff were authorized by the incarcerated person to bring suit on their behalf, she cannot do so as a pro se litigant. Although a non-attorney may appear in pro se on her own behalf, that privilege is personal to her, and she has no authority to appear as the attorney for anyone other than herself. C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987).

Further, many of the defendants that plaintiff identifies appear to be judicial officers who are immune from suit. Judges are absolutely immune from suit with respect to their actions taken within the scope of their jurisdiction. "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives" or when their actions involve grave errors. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). Additionally, prosecutors acting within the scope of their quasi-judicial duties as advocates for the state are absolutely immune from civil suits for damages under Section 1983. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). Even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence must be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984) (citing, *inter alia*, Imbler, 424 U.S. 409).

////

For all these reasons, plaintiff's complaint cannot be served. However, the court will give plaintiff an opportunity to file an amended complaint that (1) clarifies that she is bringing a lawsuit based on constitutional violations that happened to her, (2) contains a short and plain statement of her claims, and (3) sues defendants that are not immune from suit.

## IV.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing her standing to bring suit (she must show that the wrongs she complains of happened to her and not to another person). The amended complaint should list only defendants who are not immune from suit. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not

////

require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V. PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. The court cannot tell from your complaint what legal harm was done to you, or whether any harm was done to you. It appears that you may be trying to bring a lawsuit for another person, but that is not allowed. If you are not the person whose rights were allegedly violated, you cannot bring this case; the incarcerated person must bring a complaint on her own behalf. Also, you are also suing defendants who cannot be sued. Judges and prosecutors cannot be sued for the way they do their jobs. Because of this, the complaint will not be served on defendants. Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint that (1) clarifies that you are bringing a lawsuit based on constitutional violations that happened to you, (2) contains a short and plain statement of your claims, and (3) sues defendants that are not immune from suit. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights *of yours* were violated, by whom and how, and how those violations impacted you. Without this information, the court cannot tell what legal claims you are trying to bring against the defendants. If you are not bringing suit about violations of your own rights, you may voluntarily dismiss this case.

If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## VI.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: March 14, 2022

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE